IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES T. MCINTOSH, | ) | |
| Plaintiff, | ) | Civil Action No. 09-295 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| MRS. GLEN, et al, | ) | Magistrate Judge Susan Paradise Baxter |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Magistrate Judge Susan Paradise Baxter[1]

**A.  Relevant Procedural History**

Plaintiff, a federal inmate acting *pro se*, initiated this civil rights action on November 25, 2009.  Plaintiff alleges that, while incarcerated at FCI-McKean and FCI-Otisville[2], he received inadequate medical treatment for his diabetes, high blood pressure, and foot pain.  Plaintiff's Amended Complaint asserts civil rights claims pursuant to Bivens v. Six Unknown Named Agents (403 U.S. 388 (1971)), as well as negligence claims under the Federal Tort Claims Act, 28 U.S.C. § 2670, et seq.  Plaintiff has named twenty-four individuals, all former or current employees of the Bureau of Prisons, and the United States of America as Defendants to this action.

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] FCI Otisville is located in New York, outside of this District.

1

Presently pending before this Court is Defendants' partial motion to dismiss, or, in the alternative, motion for partial summary judgment.[3]  ECF No. 57.  Plaintiff has filed a brief in opposition.  ECF No. 67.  The pending motion is fully briefed and is ripe for disposition by this Court.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

---

[3]  Defendants are not seeking dismissal or summary judgment as to Plaintiff's FTCA claims against the United States alleging: 1) negligent discontinuance of hypertension medication and negligent treatment of diabetes, which allegedly caused him to suffer from back injuries; and 2) negligent denial of a soft shoe pass and medical shoes for his allegedly swollen feet.  ECF No. 57, page 3.

### 2) Motion to dismiss pursuant to Rule 12(b)(1)

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed.Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. Id.; Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case … [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.

### 3) Motion to dismiss pursuant to Rule 12(b)(6)

3

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

### 4) Motion for Summary Judgment pursuant to Rule 56

According to the Federal Rules of Civil Procedure, summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial

burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

### C. The Civil Rights Claims

#### 1. The Exhaustion Requirement of the PLRA[4]

---

[4] Exhaustion of a claim under the Federal Tort Claims Act is a separate and distinct matter (see 28 U.S.C. § 2675) which will be addressed infra.

Defendants argue that Plaintiff's civil rights claims should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C.§ 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[4]

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[5]  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v.

---

[4] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217  (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").  Instead, the failure to exhaust must be asserted and proven by the defendants.  Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[5] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[6]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to Federal Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary

---

[6] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10, et seq. (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." The warden has twenty (20) days in which to respond. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. The administrative remedy process is not considered exhausted until the fourth step of the process is complete and the appeal is denied by the General Counsel. Id.

### 3. Exhaustion Applied

Defendants argue that summary judgment should be granted on the civil rights claims because Plaintiff has not fully exhausted his administrative remedies as to any civil rights claim

9

raised in the Amended Complaint.  In support of their argument, Defendants have provided the declaration of Vanessa Herbin-Smith, the Supervisory Paralegal Specialist for the Northeast Region of the Bureau of Prisons.  Ms. Herbin-Smith swears under oath that Plaintiff has not fully exhausted as to any claim raised in this lawsuit.  ECF No. 58-1, ¶ 6.

Plaintiff has not provided any evidence to the contrary.  In the face of a supported motion for summary judgment, Plaintiff must provide contrary evidence in order to save his case.  See Fed.R.Civ.P. 56(e)(3) (providing that "If a party … fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.").  Instead, Plaintiff argues that there is no requirement that he must exhaust his administrative remedies.  See ECF No. 67, page 9.  In this regard, Plaintiff is mistaken.  See 42 U.S.C. § 1997e(a).

Accordingly, the motion for summary judgment will be granted as to all of Plaintiff's civil rights claims.

### D. The FTCA Claims

#### 1) Individual Defendants

Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued.  United States v. Mitchell, 445 U.S. 535, 538 (1980). However, the Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment.  See 28 U.S.C. § 2675(a).  See also Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in

statutory text and will not be implied."). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted). All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b).

Here, Plaintiff names all of the individual Defendants under his FTCA claim and they must be dismissed. The FTCA claims may only be advanced against the United States.

### 2) Exhaustion

The FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable jurisdictional prerequisite to the filing of the lawsuit. 28 U.S.C. § 2675(a); Bruno v. U.S. Postal Service, 264 Fed.Appx 248, 248 (3d Cir. 2008) citing Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971). In the event a plaintiff does not properly exhaust, the district court is deprived of jurisdiction over the FTCA claim. See Tucker v. U.S. Postal Service, 676 F.2d 954, 959 (3d Cir. 1982).

Defendants argue that Plaintiff has not exhausted all of his FTCA claims and have produced evidence to show that Plaintiff has only exhausted the following tort claims:

> Claim No. TRT-NER–2009-03251 (dated April 20, 2009) complaining that his blood pressure medication was discontinued without proper examination and that his diabetes was not properly treated at FCK McKean, resulting in back injuries.
>
> Claim No. TRT-NER–2009-05172 (dated June 1, 2009) complaining that his sneakers were confiscated by FCI McKean staff and wrongfully disposed of, resulting in severe pain and swelling of his lower legs and feet; that he was not offered replacement shoes; staff failed to address his diabetic issues, and he was forced to wear government-issued boots.

11

> Claim No. TRT– NER– 2009-05173 (dated June 1, 2009) complaining that upon arrival at FCI McKean, his sneakers were confiscated and disposed of and, as a consequence, he suffered pain and swelling of his lower legs and feet; because staff failed to address his diabetes between November 2007 and May 15, 2008, he was forced to wear government-issued footwear, which caused him medical problems.

ECF No. 58-1, Declaration of Herbin-Smith, paragraph 13. None of Plaintiff's other allegations were the subject of any administrative tort claim.

In his opposition brief, Plaintiff does not address the failure to exhaust under the FTCA, or provide evidence to oppose Defendants' position. So then, because Plaintiff has failed to exhaust his tort claim as to the following allegations, they must be dismissed for lack of subject matter jurisdiction. These include: the denial of a wheelchair; the denial of request to have food and medicine brought to him in his housing unit; the discontinuance of a prescription for Vicodan; the denial of food tray delivery to the wheelchair pushers and refusal to give wheelchair pushers a week's supply of Plaintiff's toilet paper, soap, and razors; the failure to respond to written requests; and negligence on the part of staff at FCI Otisville with respect to medical and dental issues.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES T. MCINTOSH,** | ) | |
| Plaintiff, | ) | Civil Action No. 09-295 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **MRS. GLEN, et al,** | ) | Magistrate Judge Susan Paradise Baxter |
| **Defendants.** | ) | |

**O R D E R**

AND NOW, this 28th day of September, 2011;

IT IS HEREBY ORDERED that the partial motion to dismiss or, in the alternative, motion for partial summary judgment filed by Defendants [ECF No. 57] is GRANTED. The Clerk of Courts is directed to terminate all individual Defendants from this action.

The only claims remaining in this action are Plaintiff's FTCA claims against the United States alleging: 1) negligent discontinuance of hypertension medication and negligent treatment of diabetes, which allegedly caused him to suffer from back injuries; and 2) negligent denial of a soft shoe pass and medical shoes for his allegedly swollen feet.

An Order setting Case Management deadlines will be issued separately.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge